compiler / law library

**IN THE SUPERIOR COURT OF GUAM**

PEOPLE OF GUAM, )
) **CRIMINAL CASE NO. CF0374-09**
vs. )
) **DECISION AND ORDER**
RANDY AFLAGUE TORNO aka )
RANCY AFLAUGE TORNO, )
)
Defendant. )
_____ )

## INTRODUCTION

This matter came before the Honorable Judge Steven S. Unpingco for Preliminary Examination on August 3, 2009. Assistant Attorney Generals William Pole and Clyde Lemons, Jr. represented the Government and Assistant Public Defender Rebecca Warfield represented the Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

According to the testimony under examination of Police Officer Anthony A. Borja, the following events took place on July 23, 2009. Officer Borja initially responded to a disturbance call on Route 10. He and his partner arrived to find a car parked on the shoulder of the road. The Defendant was standing inside the open passenger door as he pointed and yelled at a female in the passenger seat. When the Defendant saw the Police, he backed away from the vehicle. Officer Borja confronted the Defendant and his partner confronted the passenger.

The Officers separated the Defendant from the passenger in order to de-escalate the situation. Officer Borja instructed the Defendant to stand near a concrete pole. He observed that the Defendant appeared nervous, fidgety, and was sweating with dilated pupils. Based on his field experience, Officer Borja believed that the Defendant was under the influence of "crystal meth", a Schedule II Controlled Substance. The Defendant explained that he did nothing wrong and that he ran out of gas. Officer Borja responded that he was there to help, and instructed the Defendant to keep his hands in plain view because the Defendant kept swinging his left hand behind his back. The Defendant began to cry and placed his left hand in and out of his front

pocket, at which point Officer Borja observed what appeared to be a glass pipe in the Defendant's closed hand. Officer Borja instructed, "Let me see your hands, let me see your hands," when the Defendant lunged at him and swung his left hand backwards against the concrete pole, making a shattering sound of glass breaking.

At this point, Officer Borja arrested the Defendant for lunging at him. He restrained his left arm while the Defendant pushed with his right arm and kicked. Officer Borja's partner assisted to restrain the Defendant from kicking. Officer Borja observed small cuts on the Defendant's left hand. At the base of the concrete pole, he found shards of a makeshift glass straw along with a sealed plastic straw that tested presumptive positive for "crystal meth". A search of the car produced a scale and another glass pipe that tested presumptive positive for "crystal meth".

The Government seeks to charge the Defendant with two counts of Possession of a Schedule II Controlled Substance, Resisting Arrest and Destruction of Evidence for the alleged events on July 23, 2009.

## DISCUSSION

There is a conflict in Guam Law as to how the rules of evidence apply to preliminary examinations. The Code of Criminal Procedure states that, "the court shall take evidence [in preliminary hearings] in the same manner as trial," and that, "objections to the admissibility of evidence may be taken on any grounds that would be available at trial." *See* 8 GCA § 45.60(a). However, the Rules of Evidence state that evidentiary rules do not apply to, "preliminary examinations in criminal cases." *See* Guam R. Evid. Rule 1101(c)(3). The full nature of this conflict is addressed in People of Territory of Guam v. Salas, Crim. No. 82-0061A; 1983 WL 29951 (D. Guam App. Div. 1983).

On July 11, 2006, the Guam Rules of Evidence were repealed and reenacted by Guam Pub. L. No. 28-138. The Rules of Evidence were reenacted based upon Promulgation Order No. 06-001 of the Supreme Court of Guam. Pursuant to 6 GCA § 103, the Supreme Court's rules of evidence, "shall control regarding any conflict with other law and such other law shall therefore be of *no* further force or effect."

In this case, the Preliminary Examination began with a discussion on whether the Rules of Evidence apply to preliminary examinations. The Defendant may be correct that where Guam law is in conflict, the specific rules of preliminary examinations should control the general rules of evidence. However, the Court cannot ignore the plain and clear language of 6 GCA § 103, and that where there is a conflict with the Rules of Evidence, any other law shall be of *"no further force or effect."* For this reason, Guam R. Evid. Rule 1101(c)(3) controls and the rules of evidence do not apply to preliminary examinations.

Under Guam law, a preliminary examination is held, "to determine whether there is probable cause to believe that an offense has been committed and that the defendant has committed it." *See* 8 GCA § 45.50(a). Probable cause must be based upon reasonably trustworthy information. *See* People of Guam v. Cundiff, 2006 Guam 12 ¶ 27; 2006 WL 2789134 (Sup. Ct. Guam 2006) *citing* Beck v. Ohio, 379 U.S. 89, 91 (1964).

In this case, Officer Borja testified to the following facts under examination: 1) he witnessed the Defendant hold and break what appeared and sounded like a glass pipe on the concrete post; 2) he arrested the Defendant for lunging at him and the Defendant physically resisted with kicks; 3) a search of the ground under the concrete post produced what appeared to be a shattered glass pipe and plastic straw that contained "crystal meth"; and 4) a search of the car produced another glass pipe of "crystal meth". This eyewitness information is reasonably trustworthy, and it gives the Court probable cause to believe that the Defendant may have committed several offenses. For this reason, the Defendant shall be held to answer and the Government is hereby ORDERED to file an information within fifteen (15) days pursuant to 8 GCA § 45.80(a).

///

///

///

///

///

///

## CONCLUSION

Based upon the foregoing, the Court finds probable cause to hold the Defendant to answer and the Government shall have fifteen (15) days to file an information charging the offenses shown.

SO ORDERED this _10th_ day of August, 2009.

_____
**HONORABLE STEVEN S. UNPINGCO**
**Judge, Superior Court of Guam**